*Daniel Church* and *C. Langdon,* for the petitionees.

---

### NATHANIEL ALEXANDER vs. JOHN L. WILMORTH.

*Held*—That the omission of the initial letter of a middle name, in the appointment of a justice of the peace, was an immaterial variance, and the justice might well officiate under such appointment.

*Held,* also—That if it were *prima facie* otherwise, parol testimony was admissible to explain the variance, and show that the man acting under the appointment was the same man intended by it.

THIS was an action of trespass, for an assault and arrest under process signed by the defendant, in 1826, as a justice of the peace in *Stamford,* in the county of *Bennington,* by the name of *John L. Wilmorth.* Plea, not guilty.

On the trial below, the plaintiff showed, by a certified copy of record from the office of the Secretary of State, and by the journal of the General Assembly, that, at the October session of the Legislature, in 1825, *John Wilmorth,* of *Stamford,* was appointed a justice of the peace for the county of *Bennington;* but it did not appear therefrom that any person was appointed by the name of *John L. Wilmorth.*

The defendant then offered evidence tending to show, that there was no man residing in Stamford by the name of Wilmorth, but himself; that he was as well known by the name of *John Wilmorth* as by that of *John L. Wilmorth;* and also, to show, by the representative from Stamford, that he was the man intended, and designated in the appointment by the name of *John Wilmorth.*

This evidence, though objected to by the plaintiff, was admitted by the court; and the jury returned a verdict for the defendant. Exceptions being filed and allowed, the case now came before this Court, on a motion by the plaintiff for a new trial, founded on the exceptions.

*J. Stark* and *W. C. Bradley,* for the plaintiff.

*H. Everett,* for the defendant.

Bennington, February, 1827.

Munroe vs. Walbridge et. al.

Windham, February, 1828.

*Windham,*
*February,*
*1828.*

*Alexander*
*vs.*
*Wilmorth.*

The opinion of the Court was pronounced by

PRENTISS, J. On the trial of this action, the only matter in issue was, whether the defendant, in the year 1825, was a justice of the peace within and for the county of *Bennington*, and consequently had competent authority, as such, to issue the writ of attachment, by virtue of which the plaintiff was arrested and imprisoned. From the records of the Secretary of State, and the journals of the General Assembly, it appeared, that *John Wilmorth*, of *Stamford*, was appointed a justice of the peace for the county of *Bennington*, for the year 1825; but the records and journals of the appointment of justices did not contain the name of *John L. Wilmorth*, by which name the defendant issued the writ against the plaintiff, and is sued in the present action. The defendant offered to prove, that at the time of the appointment, there was no man in Stamford by the name of *Wilmorth*, except himself; and that he was then known as well by the name of *John Wilmorth* as of *John L. Wilmorth*. This evidence was objected to by the plaintiff, but admitted by the court; and the only question is, whether the evidence was admissible.

The plaintiff relies upon the case of *The Commonwealth* vs. *Perkins*, 1 *Pick. Rep.* 388, and the case of *The Commonwealth* vs. *Hall*, 3 *Pick. Rep.* 362, as in point, and decisive, that the evidence was inadmissible. The first mentioned case was an indictment against the defendant, by the name of *Thomas Perkins*, who pleaded in abatement that his name was *Thomas Hopkins Perkins*; and on demurrer to the plea, the indictment was quashed. The other was a decision upon a *certiorari*. The case was, *Charles Jones Hall* was fined by a justice of the peace for neglecting to perform military duty, on being duly enrolled and notified. The proceedings being certified to the supreme court, it appeared, on inspection, that *Charles Hall* was enrolled; and the court decided, that *Charles Hall* and *Charles Jones Hall* were different persons, and quashed the proceedings. The first decision, it is to be noticed, was on demurrer to a plea in abatement, and the second on *certiorari;* and the decisions, taken in their utmost extent, would seem merely to establish the principle, that the names in the respective cases were *prima facie* to be deemed different, and to designate different persons. If there had been a replication in the first case, and it had appeared in the second, that the party was known and called as well by the one name as the other, the judgment of the court would probably have been different in both cases. (*Gould* vs. *Barnes*, 3 *Taunt.* 504.---*Cole* vs. *Hindson*, 6 *T. Rep.* 204.---*Petrie* vs. *Woodworth*, 3 *Caines' Rep.* 219.)

But it has been determined, that an initial letter between the christian and surname of a party, is no part of the name, and the omission of it is not a misnomer or variance. In *Franklin* vs. *Talmage*, 5 *Johns. Rep.* 84, the plaintiff declared in trespass *quare clausum fregit*, by the name of *William Robinson*, and in the deed under which he claimed title, he was named

*Windham,*
*February,*
*1828.*

*Alexander*
*vs.*
*Wilmorth.*

*William T. Robinson ;* and it was held, that the letter *T.* formed no part of the name, and the variance was immaterial, and did not affect the grant. The court observed, that it was perfectly competent for the plaintiff to have shown, if necessary, that he was known as well with, as without the insertion of the letter *T.* in the middle of his name ; but even that was not requisite in the first instance, nor unless made necessary by testimony on the part of the defendant. According to this decision, which we think is good law, the evidence given by the defendant in the present case was altogether unnecessary ; for the omission of the initial letter between the christian and surname, the name in the appointment being otherwise right, was not a material variance, and did not make it a different name. But, admitting it to be *prima facie* otherwise, the evidence which was given was undoubtedly admissible, and sufficiently explained the variance. The journals of the General Assembly contained a description, connected with the name, which, with the other evidence, clearly ascertained that the defendant was the person named and intended in the appointment. The journals showed that the appointment was of *John Wilmorth,* of *Stamford ;* and the other evidence showed, not only that there was no person in Stamford, except the defendant, of the name of *Wilmorth,* but that the defendant was known and called, as well by the name of *John,* as of *John L.* Surely, as it did not appear that any other person set up a title to the office under the name in the appointment, the evidence, if any evidence was necessary, afforded all the certainty that the law could require ; and we entertain no doubt, that the judgment of the court below was right, and ought to be affirmed.

Judgment affirmed.